Samuels, J.
concurred in the results of Lee’s opinion ; but he thought that although the special pleas filed to the second and fourth counts were not good pleas under the first section of the statute of frauds, in relation to the promise or undertaking for another, under which they seem to have been filed, yet that they would have been good pleas under that section in relation to a contract not to be performed within one year.
Moncure, J. understanding the opinion as to the special pleas to refer to the section of the statute of frauds in relation to the promise being in writing, concurred in Lee’s opinion.
Allen and Daniel, Js. concurred in the opinion of Lee, J. \
*501 The judgment was as follows :
The court having maturely considered the transcript of the record of the judgment aforesaid, together with the argument of counsel thereupon, it seemeth to the court that the Circuit court erred in permitting the special pleas to the second and fourth counts in the declaration to be filed, the same having been objected to by the plaintiffs: and that it also erred in refusing to give to the jury the instruction asked for by the plaintiffs on the trial of the cause; and also in not, with more distinctness, confining the application of the instruction given on motion of the defendant, to the statements and declarations of the said Kirby other than those made by him at the time of the negotiation with the plaintiffs for the purchase of the goods and the transfer of the bond on Gibson; which last mentioned statements and declaration were, in the opinion of this court, proper evidence to be considered by the jury without the restriction imposed by the terms of the said instruction if intended to be applicable to them also.
Therefore it is considered by the court that the said judgment be reversed and annulled, and that .the defendant in error pay plaintiff in error his costs, &c. And it is further considered that the verdict of the jury be set aside; that the special pleas to the said second and fourth counts of the declaration be held for naught, and, with the issues thereon joined, be set aside: and that the cause be remanded to the said Circuit court for a new trial to be had upon the other issue joined therein, with directions that if, upon such new trial, the plaintiffs shall give substantially the same evidence as on the former trial, and shall ask for the same instruction that was then refused, the same shall be given: and if the same instruction shall be asked for on the part of the defendant that was given on the former trial, that the court, on giving .the .same, *502 shall confine the application thereof to the statements and declarations of the said Kirby other than those proved to have been made at the time of the negotiation with the plaintiffs and the transfer of the said bond of the said Gibson. Which is ordered to be certified to the said Circuit court of Clarke county.